USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-17-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

CHRISTOPHER CHUNN,

                *Plaintiff*,

      - against -

AMTRAK, *et al.*,

               *Defendants*.

------------------------------------------------------- x

14 Civ. 6140 (PAC) (HBP)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Christopher Chunn brings this action pro se against defendants Amtrak and Amtrak Officers Looney and Coleman (the Amtrak defendants), as well as Drug Enforcement Administration (DEA) Officers Alex Colon, John Hannon, and an unnamed supervisor, to recover money that was confiscated when plaintiff was arrested in New York's Penn Station in 2011. The matter was referred to Magistrate Judge Henry B. Pitman, and on December 26, 2014, the Amtrak defendants moved to dismiss. Magistrate Judge Pitman issued a report and recommendation (R&R) on August 6, 2015, recommending that the motion be granted to the extent Chunn alleges a Fourth Amendment claim and denied in all other respects. *See* R&R at 24. The R&R advised the parties that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review." *Id.* (capitalization and emphasis altered). On August 19, 2015, the Court approved a 45-day extension of time for Chunn to file objections, but neither party has since filed any objections.

"To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court finds no clear error in Magistrate Judge Pitman's R&R and accordingly adopts it in full. Because Chunn does not contest that his arrest was lawful, the seizure of his property incident to that arrest

1

did not violate the Fourth Amendment. *See Shaul v. Cherry Valley-Springfield Cent. School Dist.*, 363 F.3d 177, 187 (2d Cir. 2004). Nonetheless, Chunn's amended complaint, liberally construed, may be fairly read to allege a due-process claim under 42 U.S.C. § 1983 and a conversion claim under New York law. Chunn's allegation that the Amtrak defendants deprived him of his property without notifying him of the procedures for reclaiming it states a due-process violation. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 62 (2d Cir. 2012). Further, his allegation that the Amtrak defendants wrongfully transferred his money to the DEA for forfeiture states a claim of conversion. *See Gonzalez v. Port Auth. of N.Y. & N.J.*, 500 N.Y.S.2d 782, 783 (1986).

The Court GRANTS defendants' motion to dismiss to the extent Chunn's complaint raises a Fourth Amendment claim under § 1983. The motion is in all other respects DENIED. The Clerk of Court is directed to terminate the motion at Docket No. 24. The reference to Magistrate Judge Pitman is continued.

Dated: New York, New York
March 17, 2016

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed to:

Christopher Chunn
15A2596
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051-0999