UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CHRISTOPHER CHUNN,                       :

                        Plaintiff,       :      14 Civ. 6140 (PAC)(HBP)

        -against-                        :      OPINION
                                                AND ORDER
AMTRAK, et al.,                          :

                        Defendants.      :

------------------------------------X

        PITMAN, United States Magistrate Judge:


        By notice of motion dated September 17, 2015 (Docket

Item 59), plaintiff seeks the appointment of pro bono counsel.

For the reasons set forth below, the motion is denied without

prejudice to renewal.

        This is an action to recover approximately $10,400 that

plaintiff claims was wrongfully seized from him by Amtrak police

when he was arrested in New York's Pennsylvania Station for

disorderly conduct, trespassing and resisting arrest.  The funds

were subsequently transferred from the Amtrak police to the

United States Drug Enforcement Administration ("DEA") which

administratively forfeited the funds.  There is documentary

evidence in the record that indicates (with some strength) that

the seized currency was part of the proceeds of a settlement

between plaintiff and the City of New York in an unrelated civil matter.

In August 2015, I issued a Report and Recommendation recommending that the Amtrak defendants' motion to dismiss be granted in part and denied in part.  Specifically,  I recommended that the Amtrak defendants' motion to dismiss plaintiff's claims against them for violation of the Fourth Amendment be granted, but that the motion be denied to the extent that it sought dismissal of plaintiff's due process and conversion claims.  That Report and Recommendation was subsequently adopted by the Honorable Paul A. Crotty, United States District Judge.  By a Report and Recommendation of even date, I am recommending that plaintiff's motion for summary judgment with respect to both the Amtrak defendants and the DEA defendants be denied and that the DEA defendants' motion for summary judgment be granted.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he factor which command[s] the most attention [is] the merits."

Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203

(S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366

F.3d 85, 88 (2d Cir. 2003).  As noted fifteen years ago by the

Court of Appeals:

> Courts do not perform a useful service if they appoint
> a volunteer lawyer to a case which a private lawyer
> would not take if it were brought to his or her atten-
> tion.  Nor do courts perform a socially justified
> function when they request the services of a volunteer
> lawyer for a meritless case that no lawyer would take
> were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In

deciding whether to appoint counsel . . . the district judge

should first determine whether the indigent's position seems

likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for
> assessing the merits of a pro se litigant's claim.  In
> Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)],
> [the court] noted that "[e]ven where the claim is not
> frivolous, counsel is often unwarranted where the
> indigent's chances of success are extremely slim," and
> advised that a district judge should determine whether
> the pro se litigant's "position seems likely to be of
> substance," or showed "some chance of success."  Hodge,
> 802 F.2d at 60-61 (internal quotation marks and cita-
> tion omitted).  In Cooper v. A. Sargenti Co., [the
> court] reiterated the importance of requiring indigent
> litigants seeking appointed counsel "to first pass the
> test of likely merit."  877 F.2d 170, 173 (2d Cir.
> 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

It appears that plaintiff lacks the financial resources to retain counsel privately.  Plaintiff attests in his application to proceed in forma pauperis that he has no assets.   He does not, however, satisfy the other criteria for the appointment of pro bono counsel.  Plaintiff has attached to his application for pro bono counsel letters that he sent to the Association of the Bar of the City of New York and the New York County Lawyers Association, seeking their help.  Beyond these two letters, plaintiff has not taken any steps to find counsel who would represent him pro bono.  In addition, plaintiff has failed to explain why the case is so complex that plaintiff cannot litigate it without counsel.

Finally, plaintiff has not demonstrated that the case has sufficient merit to warrant the appointment of pro bono counsel.  With respect to plaintiff's due process claim, a principal stumbling block will be the issue of notice.  As discussed in the Report and Recommendation of even date, there is evidence in the record that both Amtrak and the DEA provided notice to plaintiff concerning how he could recover his funds. Although plaintiff denies actually receiving the DEA's notice, due process does not require actual notice.  Jones v. Flowers,

547 U.S. 220, 226 (2006), citing Dusenbery v. United States, 534
U.S. 161, 170 (2002); accord Weigner v. City of New York, 852
F.2d 646, 649 (2d Cir. 1988).  Thus, it appears that plaintiff
may be confronted with substantial hurdles with respect to his
due process claim against the Amtrak defendants.

      Because the initial seizure of the funds, as a seizure
incident to plaintiff's arrest, appears to have been lawful,
United States v. Robinson, 414 U.S. 218, 235-36 (1973); United
States v. Davenport, 303 F. App'x 42, 44 (2d Cir. 2008) (summary
order), in order to prevail on his conversion claim, plaintiff
will have to prove that the transfer of the seized funds to the
DEA was improper.  Regions Bank v. Wieder & Mastroianni, P.C.,
526 F. Supp. 2d 411, 414 (S.D.N.Y. 2007) (Conner, D.J.) ("When a
defendant's possession of the property was initially lawful,
there is no conversion unless the defendant refuses the owner's
demand to return the property or wrongfully transfers or disposes
of it before a demand is made."), aff'd, 268 F. App'x 17 (2d Cir.
2008) (summary order), citing MacDonnell v. Buffalo Loan, Tr. &
Safe Deposit Co., 193 N.Y. 92, 101, 85 N.E. 801, 803 (1908).
Plaintiff's current application does not demonstrate or even
suggest why the Amtrak defendants' transfer of the funds to the
DEA was improper.

Accordingly, for all the foregoing reasons, plaintiff's application for pro bono counsel is denied without prejudice to renewal.  Any renewed application should be supported by an affidavit or affirmation discussing the factors identified above. The Clerk of the Court is requested to mark Docket Item 59 as closed.

Dated:   New York, New York
         July 14, 2016

                                  SO ORDERED

                                  _____
                                  HENRY PITMAN
                                  United States Magistrate Judge

Copies transmitted to:

Mr. Christopher Chunn
DIN 15A2596
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York  12051-0999

Ronald E. Joseph, Esq.
Jonathan B. Adler, Esq.
Landman, Corsi, Ballaine & Ford, P.C.
120 Broadway, 27th Floor
New York, New York 10271

Kirti V. Reddy, Esq.
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, New York  10007